United States District Court

Southern District of New York

------------------------------------------

United States of America,

          -against-

                                 11 Cr. 171 (JMF)

Daniel Scott,

                   Defendant.

------------------------------------------

DANIEL SCOTT'S RESENTENCING SUBMISSION

Federal Defenders of New York

Attorney for Daniel Scott

52 Duane Street - 10th Floor

New York, New York 10007

Tel.: (212) 417-8792

Jonathan Marvinny

*Of Counsel*

To:  Geoffrey S. Berman, Esq.

     United States Attorney

     Southern District Of New York

     One St. Andrew's Plaza

     New York, New York 10007

     Att:  Christopher J. DiMase, Esq.

          Assistant United States Attorney

# Federal Defenders
## OF NEW YORK, INC.

Southern District
52 Duane Street-10th Floor, New York, NY 10007
Tel: (212) 417-8700 Fax: (212) 571-0392

David E. Patton
*Executive Director*

*Southern District of New York*
Jennifer L. Brown
*Attorney-in-Charge*

November 25, 2019

By ECF

Honorable Jesse M. Furman
United States District Judge
Southern District of New York
40 Foley Square, Room 2202
New York, New York 10007

**Re:  United States v. Daniel Scott, 11 Cr. 171 (JMF)**

Dear Judge Furman:

This letter is submitted in advance of Daniel Scott's December 9 resentencing on one count of conspiracy to commit Hobbs Act robbery (18 U.S.C. § 1951) and one count of being a felon in possession of a firearm (§ 922(g)(1)).[1] For the reasons that follow, the Court should resentence Mr. Scott to time served (almost 9 years) with 3 years' supervised release, a sentence that would be substantially above the newly calculated Guidelines range of 51 to 63 months' imprisonment. *See* Supplemental PSR (finding Offense Level 22, Criminal History Category III).[2]

**Relevant procedural background**

At the original sentencing in May 2013, Judge Griesa, after finding that Mr. Scott qualified as an armed career criminal, sentenced him to 188 months' imprisonment—the bottom of the 188 to 235 months Guidelines range. *See* Sent'g Tr. 11 (ECF No. 43). That range, of course, was the result of U.S.S.G. § 4B1.4, which substantially increased both Mr. Scott's offense level and Criminal History Category because of his supposed armed-career-criminal status.

In 2016 Mr. Scott moved to vacate his sentence pursuant to 28 U.S.C. § 2255 in light of the Supreme Court's decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015). The Government subsequently agreed that vacatur was warranted because Mr. Scott's 1985 Hobbs Act conspiracy

---

[1] At resentencing Mr. Scott does not intend to advance any claim that his guilty plea to Count Two was inadequate in light of *Rehaif v. United States*, 139 S. Ct. 2191 (2019).

[2] We have no objections to the Supplemental PSR.

Honorable Jesse M. Furman                                    November 25, 2019

United States District Judge                                 Page 2 of 3

Re:  United States v. Daniel Scott
      11 Cr. 171 (JMF)

conviction could no longer be considered a "violent felony" under the Armed Career Criminal Act. ECF No. 89. On July 10, 2019, this Court ordered a plenary resentencing. ECF No. 92. In the Supplemental PSR, the Probation Office finds a Guidelines range of 51 to 63 months' imprisonment.

**The Court should resentence Mr. Scott to time served (almost nine years) with three years' supervised release.**

A sentence of time served, or almost nine years,[3] would be substantially above the Guidelines range and would be sufficient punishment for Mr. Scott's criminal conduct, notwithstanding its admitted seriousness. This sentence is particularly warranted in light of his impressive educational and disciplinary record since his 2013 sentencing. *See Pepper v. United States*, 562 U.S. 476, 490 (2011) ("[A] district court may consider evidence of a defendant's rehabilitation since his prior sentencing and [] such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range."). The BOP data included in the Supplemental PSR shows that in the six-and-a-half years since that sentencing he has incurred only one minor disciplinary infraction—for "refusing to obey an order" in March 2018. And he has completed education classes including GED preparation and has worked as a unit orderly. In short, he has amassed a noteworthy post-sentencing record that should be rewarded at his resentencing.

Given that Mr. Scott is now almost 60 years old and will be closely monitored on supervised release, and considering the other equities discussed in this submission, additional imprisonment beyond the almost nine years he has already served is unnecessary. A sentence of time served and three years' supervised release would be sufficient to accomplish all sentencing goals.

---

[3] Mr. Scott has been in continuous federal custody since February 2011, and has approximately one month's prior credit for time spent in state custody for the same criminal conduct.

Honorable Jesse M. Furman                    November 25, 2019
United States District Judge                 Page 3 of 3

Re:  United States v. Daniel Scott
     11 Cr. 171 (JMF)

Sincerely,

/s/ Jonathan Marvinny
Jonathan Marvinny
Assistant Federal Defender
212.417.8792
jonathan_marvinny@fd.org